

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. William F. Jackson
County Attorney
Waller County
Hempstead, Texas

Dear Mr. Jackson:

Opinion No. O-6171
Re: Article 6954
    V. A. C. S.

We have received your opinion request and brief of
recent date and quote from same as follows:

"UPON THE PETITION OF 100 OR MORE THAN 100
FREEHOLDERS OF WALLER COUNTY, DULY PRESENTED TO
THE COMMISSIONERS' COURT, HAS THE COMMISSIONERS'
COURT AUTHORITY TO REFUSE TO CALL COUNTY-WIDE
STOCK LAW ELECTION UNDER ARTICLE 6954, R. C. S.,
AS AMENDED?

"This question is raised by the following facts:

"On March 13, 1944, more than 100 freeholders
of Waller County presented a petition for a county-
wide stock law election. On March 13, 1944, the
Commissioners' Court ordered that such election be
held. Thereafter, a petition was presented by fifty
persons purporting to be freeholders of an area which
was designated as a subdivision of Waller County for
an election to be held in such precinct and another
petition signed at large throughout the county set
up the balance of the county as a separate subdivision
and prayed for an election simultaneously in the two
subdivisions. On the 22d day of March, 1944, the
Commissioners' Court rescinded its original order for
county-wide stock law election and called an election
to be held in the two subdivisions which, taken
together, compose the entire area of Waller County.
The election was held and stock law carried in the
greater portion of the county and failed to carry in
what was designated as Subdivision Number Two. On
July 10, another petition was presented for county

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

wide stock law election under Article 6954, which was signed by some three hundred freeholders of Waller County, and no action was taken by the Commissioners' Court on such petition, pending your opinion.

"The question raised is: Upon the filing of the first petition for a county-wide stock law election, was it mandatory upon the Commissioners' Court to call a county-wide stock law election or could they - - at their discretion -- consider petitions thereafter filed which, in effect, called for simultaneous elections in two arbitrarily designated subdivisions? It is my opinion that the provisions of Article 6954 makes it mandatory upon the Commissioners' Court to order a county-wide stock law election upon the presentation of a petition signed by 100 free-holders of Waller County and that until such election is ordered and held, any election covering subdivisions of the county would be void.

"The election which was held resulted in the following vote: Stock Law Precinct Number One, which included the greater portion of Waller County, voted in favor of the stock law. In what was designated as Stock Law Precinct Number Two, which included the smaller portion of the county, the vote was against a stock law.

"Article 6964 provides that:

'Whenever an election is held under the provisions of this chapter for any county or subdivision, no other election for such purpose shall be held within the locality for the space of twelve months thereafter; but the defeat of the proposition for a county shall not prevent another election from being held immediately thereafter for any subdivision of such county, nor shall a defeat of the proposition for any subdivision prevent an election from being held immediately thereafter for the entire county.'

"The opponents of stock law are contending that because the Commissioners' Court ordered simultaneous elections in the two subdivisions, this should be construed as a county-wide stock law election which would prevent a calling of a county-wide stock law election upon the petition of the requisite number of electors now filed before the Commissioners' Court; but it is obvious that if the statutes were so construed, the purposes of the stock laws would be nullified and any county-wide stock law election could be defeated on the petition of any minority composed of as many as fifty qualified electors.

"I advised the Commissioners' Court that a county-wide stock law should be called on the first petition, and I am of the opinion that the election which was called for the two subdivisions is void and that the Commissioners' Court did not have authority to call the election on the second petition filed. It is my further opinion that upon the petition of 100 or more qualified electors it becomes mandatory upon the Commissioners' Court to call a county-wide stock law election. In other words, the question raised is not whether the Commissioners' Court has authority to call the election, but whether they have the discretionary power to refuse to call an election upon the petition of the requisite number of electors, petitioning them for a county-wide stock law election under Article 6954.

"It is my opinion that even though the entire county did vote simultaneously in the election recently ordered by the Commissioners' Court, the vote was upon two petitions which subdivided the county into precincts and that it would, therefore, be mandatory upon the Commissioners' Court to now call an election for county-wide stock law election upon the petitions of 300 qualified voters."

Article 6954, V. A. C. S., provides as follows:

"Upon the written petition of one hundred (100) freeholders of any of the following counties: . . . . . . . Waller . . . . or, upon the petition

of fifty (50) freeholders of any such subdivision
of a county as may be described in the petition,
and defined by the Commissioners' Court of any of
the above named counties, the Commissioners' Court
of said county shall order an election to be held
in such county or such subdivision of a county as
may be described in the petition and defined by
the Commissioners' Court, on the day named in the
order, for the purpose of enabling the freeholders
of such county or subdivision of a county as may
be described in the petition and defined by the
Commissioners Court to determine whether horses,
mules, jacks, jennets, and cattle shall be per-
mitted to run at large in such county or such sub-
division of a county as may be described in the
petition and defined by the Commissioners' Court."

It is the opinion of this department, after careful
study of this question, that it is now the legal duty of the
Commissioners' Court of Waller County to call a county-wide
election under Article 6954, Vernon's Annotated Civil Statutes,
upon the written petition of one hundred (100), or more
freeholders of such county. If such election results in the
adoption of a stock law, it would control over the prior elec-
tions held in the subdivisions. The said elections held in
the two subdivisions of Waller County are not tantamount to
a county-wide election and, as Article 6964, V. A. C. S.,
plainly provides that a defeat of the proposition in a sub-
division shall not prevent an election from being held im-
mediately thereafter for the entire county, we see no necessity
at this time to pass upon the validity of the elections here-
tofore held in such subdivisions.

Trusting the foregoing fully answers your questions,
we remain

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By: *Robert L. Lattimore, Jr.*
Robt. L. Lattimore, Jr.
Assistant.

RLL:rt

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN